**EFiled: Sep 24 2014 03:37PM EDT**
**Transaction ID 56082893**
**Case No. 8663-VCN**

COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOHN W. NOBLE
VICE CHANCELLOR

417 SOUTH STATE STREET
DOVER, DELAWARE 19901
TELEPHONE: (302) 739-4397
FACSIMILE: (302) 739-6179

September 24, 2014

Timothy R. Dudderar, Esquire
Samuel L. Closic, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE  19801

Scott G. Wilcox, Esquire
Whiteford Taylor Preston LLC
The Renaissance Centre, Suite 500
405 North King Street
Wilmington, DE  19801

Re:    *Jefferson v. Dominion Holdings, Inc.*
       C.A. No. 8663-VCN
       Date Submitted:  May 28, 2014

Dear Counsel:

This is yet another dispute between a shareholder and the corporation about the scope of inspection in a proceeding under 8 *Del. C.* § 220.  The Court concluded after trial that the stockholder had demonstrated a proper purpose for his request.  The matter involves a corporation with a limited number of shareholders and no public reporting duties.  Thus, another question is the confidentiality to be accorded documents that would not ordinarily find their way into the public light.

The Court addresses the debate in two phases: first, determining the scope of the production and second, balancing the confidentiality concerns.

Plaintiff Rodney Jefferson ("Jefferson") demonstrated that valuing his holdings in Defendant Dominion Holdings, Inc. ("Source4") is a primary and proper purpose for the inspections which he proposed.

Tax returns and financial reports are requested.[1]  Yet, Jefferson seeks "supporting documents relating thereto."  The scope of such a request is not entirely clear; more importantly, why supporting documentation is necessary is not readily apparent.  The numbers on the tax returns and financial reports should suffice.

Executive compensation is another proper topic.  Jefferson reasonably seeks compensation information tied to individuals in their given positions.  Jefferson, however, seeks social security numbers and other personal information (or, at least, his requests can be read as encompassing such information).  No legitimate reason to release personal information beyond individual names has been offered.

---

[1] The request for financial statements has not been waived.

Source4 proposes to provide "audited consolidated annual financial statements" for the period of 2010 through 2013. For purposes of valuing Jefferson's stake in the corporation, that should be adequate. Why the unaudited financial statements (as opposed to just the audited final statements) are needed has not been explained.

Source4's audited financials are done on a consolidated basis. That is, various subsidiaries are not independently audited. Jefferson has not shown why subsidiary-by-subsidiary (as opposed to consolidated) reports are needed to fulfill the purposes of his inspection. Production is limited to those audited financials that already exist. It is not an objective of a Section 220 proceeding to require the corporation to compile various financial data in a particular format when it has not done so and when the stockholder has offered no reason why the corporation's standard practices should not be respected.[2]

---

[2] The parties had debated the production of various general ledgers (or information to be extracted from them) maintained by Source4 and its subsidiaries. That debate apparently has been resolved. *See* Pl.'s Opp'n to Def.'s Mot. for Entry of Def.'s Orders ¶ 4.

If the requested books and records are maintained in an electronic format that may be readily used by Jefferson, there is no reason why production should not be in that form. To the extent the information is maintained on paper, and not readily available in electronic form, production in paper format is a reasonable means of responding to the inquiry.[3] Payment by the stockholder of the reasonable costs of copying company paper records is part of the Section 220 process.[4]

Confidentiality agreements provide a rational, reasonable, and enforceable methodology for dealing with corporate books and records that otherwise would not be subject to public review. A closely held corporation does not need to make all of its records available to the public simply because it has a stockholder with a legitimate basis for inspecting corporate records. Allowing a shareholder the right to inspect corporate books and records should not automatically result in the release of its private—even if not necessarily confidential—information. A balancing of the needs of the stockholder and the reasonable expectations of the corporation is required. That balancing is best achieved through a confidentiality

---

[3] Thirty calendar days is a reasonable timeframe for production of all categories of Source4's books and records.

[4] To the extent that there was a dispute over court costs, the parties have resolved that issue.

agreement that both (a) reasonably protects the confidentiality of the books and records and (b) allows the stockholder to review the documents, not only with his advisors, but also with other shareholders who share similar views. Thus, a stockholder should be allowed to share the information, but only with those who (a) have some reasonable basis for review and (b) agree to preserve confidentiality.[5]

A reasonable confidentiality agreement protects the Court from being called upon to inquire into the motives that may have animated a stockholder's desire to inspect the corporation's books and records. Undoubtedly, there will be times when the inspection is motivated by hostility toward incumbent management, inspection not motivated strictly by the best interests of the corporation. In this instance, Jefferson's desire to value his shares provides a genuine and proper purpose. Whether there might be some secondary, ulterior motive lurking in the background that would incentivize the release of the corporation's documents is a question that the Court need not resolve. Source4's confidentiality concerns are adequately protected by a confidentiality order.

---

[5] The form of a confidentiality order is not prescribed. Any person acquiring access to the books and records should execute a confidentiality undertaking.

Finally, there appears to be some dispute about what confidentiality provisions apply to documents that have been (or will be) released. To clarify, the Court is not addressing documents disclosed in litigation up to this point. The treatment of those documents is governed by Rule 5.1 and the confidentiality order under which they were provided.

Accordingly, the scope of the production has been defined, and the method for preserving confidentiality has been explained. Counsel are required to prepare and to submit an implementing form of order.

Very truly yours,

*/s/ John W. Noble*

JWN/cap
cc:    Register in Chancery-K